STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. AP-13-002
                                                  TDW-CUM-4/16/2013

KAREN GOYET,

        Plaintiff

v.                                                ORDER

                    STATE OF MAINE
                Cumberland ss. Clerk's Office

SECRETARY OF STATE,              APR 1, 2013

        Defendant          RECEIVED

Before the court is Karen Goyet's appeal from a December 11, 2012 decision upholding Goyet's administrative suspension for failing to submit to and complete a breath test to determine if she operated a motor vehicle while having an alcohol level of .08 grams or more.

There is no dispute that although Ms. Goyet blew intermittently into the intoxilyzer tube, the intoxilyzer registered an insufficient sample and Officer Jeffrey Ruth eventually reported that Ms. Goyet failed to submit to and complete the test. (R. Tab 6).

The hearing examiner upheld the suspension, concluding that Officer Ruth did all he could reasonably have been expected to do to offer Goyet an opportunity to submit to and complete the test. (R. Tab 3). Ms. Goyet contends that because she was upset and crying and was having difficulty catching her breath – facts for which there is evidentiary support in the record – she did not willfully fail to complete the test.

One of the legal issues presented is whether, under the statute, a failure to submit to and complete a test must be willful before a suspension can be imposed. Under 29-A M.R.S. § 2521(1) drivers have a duty "to submit to and complete" a test if there is probable cause to believe they have operated a motor vehicle while under the

influence. The Secretary of State shall immediately suspend the license of a person "who fails to submit to and complete a test." 29-A M.R.S. § 2521(5). There is no statutory language in either provision specifying that the failure must be "willful."

Counsel for Ms. Goyet argues with some force that language in State v. Chase, 2001 ME 168 ¶ 8, 785 A.2d 702, indicates that any suspension must be willful. In that case the Law Court stated:

> In sum, limitations on the use of evidence of the refusal are tailored to address those circumstances <u>in which a defendant does not cooperate in obtaining evidence of his blood-alcohol level or otherwise fails to take the test</u>. With an intended purpose of protecting drivers from unwittingly incurring the more draconian penalties attendant to a refusal, the informed consent laws simply do not speak to the admissibility of a test that has, in fact, been completed.

Id. (emphasis added)

This language does not unequivocally support Ms. Goyet's position. Although the Court referred to a defendant who "does not cooperate," it included within the same category a defendant who "otherwise fails to take the test." This suggests that the penalties may apply to a driver is not uncooperative but who for some other reason fails to complete a test. While the following sentence refers to drivers who "unwittingly" incur the penalties of a refusal, that sentence appears to be directed to persons who are not warned about the consequences of a refusal and does not necessarily speak to whether a failure to complete a test would be excused by an inability to provide a sufficient sample despite a good faith effort to do so.

Nevertheless, the court concludes that where a failure to complete a test results from an inability to provide a sufficient sample despite a good faith effort, the applicable statute should not be interpreted to impose a suspension. The legislative

2

language – while not requiring an outright "refusal" – is aimed at drivers who are uncooperative rather than at drivers who are making a good faith effort to comply.

In this case the hearing officer did not make a finding as to whether Ms. Goyet had willfully failed to complete the test, considering it sufficient that Officer Ruth had given her a reasonable opportunity to provide a test result. See State v. Landry, 428 A.2d 1204, 1206 (Me. 1981).[1]

There is evidence in the record that would support the conclusion that Ms. Goyet was not acting on purpose when she failed to provide a sufficient sample. (R. Tab 5 at 18).[2] At the same time officer Ruth also testified that she had blown correctly when he was instructing her on how to take the test and that he felt she could have provided a complete test "if she wanted." (R. Tab 5 at 25).

Because the hearing officer did not make a finding as to whether Ms. Goyet's failure to complete the test resulted from an inability to do so under the circumstances despite a good faith effort on her part, the case is remanded to the Bureau of Motor Vehicles for further findings. Consistent with 29-A M.R.S. § 2472(5), Ms. Goyet's suspension should be stayed pending remand.[3]

---

[1] The issue in Landry was whether the defendant had been deprived of an opportunity to obtain exculpatory evidence, not whether a cooperative defendant could nevertheless be suspended for failure to complete a test. As the Law Court observed, Landry "was uncooperative from the outset." Id.

[2] In stating that he did not think she "did it on purpose," however, the officer may have been referring to whether Ms. Goyet seemed to start blowing inconsistently only when the intoxilyzer began to register a tone and whether she was aware that a tone meant that she was providing the consistent breath necessary to register a sample.

[3] This remand does not necessarily require a further hearing if the hearing officer can issue further findings based on the existing record. However, the hearing officer would have the discretion to hold a further hearing if the hearing officer determines that such a hearing would be necessary to decide the appeal on remand.

3

The entry shall be:

This case is remanded to the Bureau of Motor Vehicles for further findings in light of this opinion. The license suspension imposed by the Bureau of Motor Vehicles is stayed pending the decision by the hearing officer upon remand. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 16, 2013

Thomas D. Warren
Justice, Superior Court

4

Date Filed __1-10-13__  CUMBERLAND  Docket No. __AP-13-2__
County

Action __80C APPEAL__

KAREN GOYET                                    STATE OF MAINE BUREAU OF MOTOR VEHICLES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ROBERT LEVINE ESQ<br>17 SOUTH ST<br>PORTLAND ME 04101 | DONALD MACOMBER, ESQ.<br>OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006 |

Date of
Entry